UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TRACEY WAGONEKA | § |
| | § |
| v. | §   CIVIL NO. 4:18-CV-859-SDJ |
| | § |
| KT&G USA CORPORATION | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant KT&G USA Corporation's ("KT&G USA") Opposed Motion to Bifurcate. (Dkt. #65). Plaintiffs Tracey Wagoneka, Ashley "Ed" Murry and Rick Di Donato (together, "Plaintiffs") responded. (Dkt. # 68).[1] KT&G USA replied. (Dkt. #69). Having considered the motion, the briefing, and the applicable law, the Court finds that the motion should be GRANTED and the issue of punitive damages should be presented to the jury only if the jury first finds KT&G USA liable.

### I. BACKGROUND

Wagoneka brings discrimination claims against her former employer, KT&G USA. Two other former employees, Murry and Di Donato, also filed discrimination claims against KT&G USA as part of this action. However, the Court has granted KT&G USA's summary-judgment motion as to the claims asserted by Plaintiffs

---

[1] The Court has granted KT&G USA's summary-judgment motion as to the claims asserted by Plaintiffs Ashley "Ed" Murry and Rick Di Donato, and denied KT&G USA's summary-judgment motion as to the claims asserted by Wagoneka. (Dkt. #76). Thus, only Wagoneka's claims will proceed to trial. However, for purposes of this order, the Court will continue to refer to Murry, Di Donato, and Wagoneka collectively as "Plaintiffs."

1

Murry and Di Donato, dismissing those claims with prejudice. (Dkt. #76). Thus, only Wagoneka's claims against KT&G USA will proceed to trial.

Prior to the Court's summary-judgment order on Murry's and Di Donato's claims, KT&G USA filed this bifurcation motion, seeking to bifurcate the trial into: (1) a trial on KT&G USA's liability for discrimination, and (2) a trial on punitive damages. KT&G USA alternatively argues that Plaintiffs waived their right to assert punitive damages altogether by not listing punitive damages as a point of contention in the parties' Proposed Joint Pretrial Order. Wagoneka argues against bifurcation, chiefly on convenience and economy grounds that are no longer applicable given the dismissal of Murry's and Di Donato's claims. Wagoneka also contests KT&G USA's waiver argument.

## II. LEGAL STANDARD

The Supreme Court has held that:

> [P]unitive damages pose an acute danger of arbitrary deprivation of property. Jury instructions typically leave the jury with wide discretion in choosing amounts, and the presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses, particularly those without strong local presences.

*State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 417, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) (quoting *Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 432, 114 S.Ct. 2331, 129 L.Ed.2d 336 (1994)). The *Campbell* Court further held that "[v]ague instructions, or those that merely inform the jury to avoid passion or prejudice . . . do little to aid the decisionmaker in its task of assigning appropriate weight to evidence that is relevant and evidence that is tangential or only

2

inflammatory." *Id.* at 418. Given the prejudice concerns inherent to punitive-damages evidence, the Court has "mandated appellate courts to conduct *de novo* review" of a trial court's reasoning when applying a jury's award of punitive damages. *Id.*

One method available to trial courts to mitigate these prejudice concerns is to bifurcate the liability and damages stages of trial. Rule 42(b) allows a court to bifurcate the trial of issues "for convenience, to avoid prejudice, or to expedite and economize." FED. R. CIV. P. 42(b). "[S]eparation of issues of liability from those relating to damages is an obvious use for Rule 42(b). . . ." *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 424 (5th Cir. 1990). To avoid prejudice, courts will often bifurcate claims so that the presentation of punitive-damages evidence occurs only after the jury has determined liability. *See, e.g.*, *O'Malley v. U.S. Fid. & Guar. Co.*, 776 F.2d 494, 500–01 (5th Cir. 1985) (affirming the district court's decision to bifurcate punitive-damages evidence from issues related to liability); *State Farm Fire & Cas. Co. v. Woods*, 896 F.Supp. 658, 660 (E.D. Tex. 1995) (holding that "[b]ifurcation [of punitive damages] is the wisest course" when the opposing party has "not identified any prejudice that will come to him from bifurcation" and the moving party "has made convincing assertions of prejudice."); *Dubea v. Simpson*, No. 9:07-CV-63-TH, 2009 WL 10677421, at *1 (E.D. Tex. Mar. 2, 2009) ("[T]he Court finds that evidence of [defendant's] net worth is relevant to the issue of exemplary damages. But, given the aforementioned risk of . . . prejudice to [defendant], the Court will bifurcate the issue of exemplary damages from the liability portion of the trial.").

### III. DISCUSSION

**A. Waiver of Punitive Damages**

As a preliminary matter, KT&G USA argues that Plaintiffs waived their request for punitive damages by not including it as an issue in the Proposed Joint Pretrial Order. KT&G USA is mistaken.

First, the Proposed Joint Pretrial Order is exactly that—proposed. The Court has not signed the order. Thus, KT&G USA cannot rely on the three Fifth Circuit cases to which it cites, each of which involved a signed, binding pretrial order. *See Arsement v. Spinnaker Exploration Co., LLC*, 400 F.3d 238, 245 (5th Cir. 2005) ("It goes without saying that a pre-trial *order* controls the scope and course of trial; a claim or issue not included in the order is waived, unless presented at trial without objection.") (emphasis added); *Sobley v. S. Nat. Gas Co.*, 302 F.3d 325, 333 (5th Cir. 2002) (same); *Wallin v. Fuller*, 476 F.2d 1204, 1210 (5th Cir. 1973) (same). When a court has signed and issued a final pretrial order, and that order omits a claim or issue, the Fifth Circuit has held that the omitted claims or issues are waived, unless presented at trial without objection. *Id.* Because the Court has not yet entered a final pretrial order, the precedent relied upon by KT&G USA is inapplicable here.

Second, even though Plaintiffs did not explicitly include the punitive-damages issue in the Proposed Joint Pretrial Order, KT&G USA did. As one of "Defendant's Contested Issues of Law," KT&G USA lists, "Whether Plaintiffs are entitled to recover punitive damages under the applicable legal standards." (Dkt. #45 at 7).

4

Thus, the punitive-damages issue is "included in the order" and is not waived. *Arsement*, 400 F.3d at 245.

## B. Bifurcating Liability and Punitive Damages

Rule 42(b) allows a court to bifurcate the trial of issues "for convenience, to avoid prejudice, or to expedite and economize." FED. R. CIV. P. 42(b). "[B]ifurcation is a case-specific procedural matter within the sole discretion of the district court." *Nester*, 888 F.3d at 163.

KT&G USA argues that "[a]llowing the jury to consider evidence relevant only to a potential punitive-damages award—such as KT&G USA's net worth—while determining KT&G USA's liability would cause substantial unfair prejudice to KT&G USA." (Dkt. #65 at 3).

In her response, Wagoneka, together with Murry and Di Donato, makes three counterarguments: (1) bifurcating liability and damages, combined with KT&G USA's motion for separate trials of each Plaintiff, would unnecessarily create four trials for a simple discrimination lawsuit; (2) Plaintiffs must introduce evidence of KT&G USA's revenue at the liability stage in order to rebut KT&G USA's assertion that Murry and Di Donato were fired for declining sales, so introduction of similar net-worth evidence will not prejudice KT&G USA at the liability stage; and (3) an appropriate jury instruction will cure any concerns of prejudice. Following the Court's grant of summary judgment against Murry and Di Donato, the first two arguments no longer apply, and the Court does not find the third argument, by itself, persuasive.

First, the Court has dismissed Murry's and Di Donato's claims. (Dkt. #76). Thus, Plaintiffs' previous concern of four separate trials no longer exists as Wagoneka would be facing only two trials. Second, Murry and Di Donato predicated their discrimination claims on the contention that KT&G USA did not fire them for poor sales numbers and that KT&G USA's assertion to the contrary was a false pretext. To rebut KT&G USA's purported pretext, Murry and Di Donato contended that they needed to present evidence of KT&G USA's sales revenues. Plaintiffs thus argued that because they would be presenting revenue evidence at the liability stage, and because revenue evidence is similar to net-worth evidence, bifurcating the liability and damages stages would not mitigate KT&G USA's prejudice concerns. The Court need not determine whether revenue evidence and net-worth evidence are similar enough to support Plaintiffs' argument. The factual basis underpinning Plaintiffs' argument—that Plaintiffs need to introduce sales revenue evidence to rebut KT&G USA's pretext—no longer exists. Only Wagoneka's claim has survived summary judgment, and Wagoneka does not claim KT&G USA terminated her for poor sales.

Thus, following the Court's ruling on KT&G USA's summary-judgment motion, only Wagoneka's third argument remains relevant. Wagoneka argues that "[t]he best procedure to minimize Defendant's prejudice concerns while promoting judicial economy is through jury instructions." (Dkt. #68 at 4). But this argument, too, was based in part on the contention that, because Plaintiffs would need to present revenue evidence at the liability stage anyway, bifurcation would not alleviate KT&G USA's prejudice concerns. Because Wagoneka no longer needs to present revenue evidence

at the liability stage, bifurcation would now alleviate KT&G USA's prejudice concerns. The only remaining question is which method—bifurcation or jury instruction—the Court should apply, weighing the effect of each on the Rule 42(b) factors of convenience, prejudice, and economy. *See* FED. R. CIV. P. 42(b).

In the absence of Murry's and Di Donato's claims, the Court is not convinced that two separate trials on liability and damages would significantly increase inconvenience and expense. The Court *is* convinced, however, that significant prejudice concerns are implicated by the introduction of net-worth evidence at the liability stage of trial. As the Supreme Court has explained, "the presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses." *Campbell*, 538 U.S. at 417.

Given that instructions warning juries to avoid "prejudice or passion" do little to aid the decisionmaker in this context and that Wagoneka has not articulated convincing countervailing concerns of convenience or prejudice in bifurcating liability and damages, the Court concludes that bifurcation is the wisest course. *See Woods*, 896 F.Supp. at 660 ("Bifurcation is the wisest course" when the opposing party has "not identified any prejudice that will come to him from bifurcation" and the moving party "has made convincing assertions of prejudice.").

Prior to the Court's decision on KT&G USA's summary-judgment motion, when bifurcation potentially implicated multiple separate trials in this case, Wagoneka's arguments against bifurcation may have had more force. At this time, however, the Court is not convinced that a jury instruction would be the "best procedure" for

7

minimizing prejudice while promoting judicial economy. When weighing Rule 42(b)'s factors—convenience, prejudice, and economy—having one trial on liability and, if liability is found, one trial on punitive damages is neither too inconvenient nor too uneconomical. Rather, KT&G USA's prejudice concerns tip the scales in favor of bifurcation.

\* \* \*

KT&G USA has not shown that Wagoneka has waived her claim for punitive damages. However, KT&G USA has presented legitimate concerns regarding the prejudicial effect of introducing punitive-damages evidence at the liability stage of trial. In the absence of sufficient countervailing concerns of convenience, prejudice, and economy, the Court finds bifurcation is warranted. Accordingly, KT&G USA's bifurcation motion is GRANTED.

### IV. CONCLUSION

For the forgoing reasons, Defendant KT&G USA's Motion to Bifurcate, (Dkt. #65), is **GRANTED**. It is hereby **ORDERED** that trial on the issue of punitive damages will take place after trial on the issue of KT&G USA's liability, and only if KT&G USA is found liable.

**So ORDERED and SIGNED this 14th day of October, 2020.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE